**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| KIEFFER & KIEFFER, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-CV-149 CAS |
| | ) | |
| DONALD L. SWEAT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Donald L. Sweat's motion to dismiss plaintiff's claims against him for lack of personal jurisdiction. Plaintiff did not file a response. For the following reasons, defendant's motion to dismiss for lack of personal jurisdiction should be granted.

**Background**.

This case was initially filed in the Circuit Court of Scott County, Missouri, and was removed by defendant on the basis of diversity of citizenship. See 28 U.S.C. § 1332(a). The petition alleges that defendant, a veterinarian, negligently certified the health of certain pigs purchased by plaintiff, and seeks actual and punitive damages. Defendant moves to dismiss for lack of personal jurisdiction, asserting that his alleged actions or omissions did not arise out of an activity covered by the Missouri long-arm statute, Mo. Rev. Stat. § 506.500, and that he does not have sufficient minimum contacts with Missouri to satisfy due process requirements.

**Legal Standard**.

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to demonstrate, by a prima facie showing, that personal jurisdiction exists. Pecoraro v. Sky Ranch

for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003) (citing Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996)). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." Epps v. Stewart Info. Serv. Corp., 327 F.3d 642, 647 (8th Cir. 2003). The nonmoving party may establish jurisdiction by affidavits, exhibits, or other evidence. Id.

The federal court in a diversity case must determine whether defendant is subject to the court's jurisdiction under the state long arm statute, and if so, whether exercise of that jurisdiction comports with due process. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). This two-part analysis requires the court to first inquire whether the activity of the defendant falls within the scope of the state statute. Portnoy v. Defiance, Inc., 951 F.2d 169, 171 (8th Cir. 1991). Second, the court must determine "whether the assertion of jurisdiction violates federal due process by considering the defendant's minimum contacts with the forum: The suit must not 'offend traditional notions of fair play and substantial justice.'" Id. (quoting International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945)).

The Missouri long-arm statute provides for the exercise of personal jurisdiction over:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

. . . .

2

Mo. Rev. Stat. § 506.500.1(1)-(3) (2000). In all instances, the statute requires that the cause of action arise from the doing of the enumerated act. Mo. Rev. Stat. § 506.500.1; see Moog World Trade Corp v. Bancomer, S.A., 90 F.3d 1382, 1384 (8th Cir. 1996). Because "the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002) (internal quotation omitted), it is proper to "turn immediately to the question whether the assertion of personal jurisdiction would violate the due process clause." Id.

In order to satisfy due process, a defendant must have sufficient minimum contacts with the forum state "such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Dever, 380 F.3d at 1073 (quoting Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996)). In particular, there must be "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Moreover, in a case such as this which involves specific personal jurisdiction, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." Id. In other words, the cause of action must "'arise out of' or 'relate to' a defendant's activities within a state." Lakin v. Prudential Sec., Inc., 348 F.3d 704, 707 (8th Cir. 2003) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

In determining whether personal jurisdiction exists over the defendant, the Court will consider "(1) the nature and quality of [his] contacts with [Missouri]; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of [Missouri] in providing a forum for

3

its residents; and (5) [the] convenience of the parties." Dever, 380 F.3d at 1073-74 (internal quotation omitted). Significant weight is afforded to the first three factors. Id. at 1074.

**Discussion**.

Defendant has submitted an affidavit which states that he is a Nebraska State licensed veterinarian and a resident and citizen of the State of Nebraska, with a veterinary practice located in Syracuse, Nebraska. Sweat Aff., ¶¶ 1, 3. Sweat avers that he has never been licensed in Missouri or practiced veterinary medicine in Missouri, that he has not transacted any business in Missouri, is not a party to any contract executed in Missouri, has not committed any tortious acts in Missouri, does not own, use or possess any real property in Missouri, and has not contracted to insure any person, property or risk in Missouri. Id., ¶¶ 2, 4-8. Defendant states that the pigs at issue in this case were located in Nebraska and were purchased by plaintiff from Moss Farms, Inc., a Nebraska corporation doing business in the State of Nebraska. Moss Farms, Inc. retained defendant to provide inspections and certifications of the pigs. As stated above, plaintiff has made no response to these statements and averments.

Defendant states that it is undisputed all of his actions or omissions at issue in this case occurred in Nebraska and not in Missouri. Thus, defendant contends that the Court lacks personal jurisdiction over him because none of plaintiff's allegations against him arise from activities enumerated in Missouri's long arm statute. Defendant also asserts that personal jurisdiction is improper under due process principles because he had no purposeful contacts with Missouri and would not expect to be haled to court in Missouri. Defendant states that his only possible contact with Missouri was utilizing a Missouri inspection certificate because he knew the pigs were to be

4

shipped to Missouri, but contends this contact is insufficient to constitute a connection with the forum state.

The Court concludes that plaintiff has failed to meet its burden to make a prima facie showing that personal jurisdiction exists over defendant Sweat. The record before the Court shows that defendant's activities at issue in this case do not fall within the scope of the Missouri long arm statute because they did not take place within the State of Missouri. Defendant's use of a Missouri inspection certificate does not constitute purposeful availment of the privilege of conducting activities in Missouri, where all of the relevant conduct in this case occurred in Nebraska. Cf. Porter v. Berall, 293 F.3d 1073 (8th Cir. 2002) (Missouri resident plaintiffs failed to establish personal jurisdiction over a nonresident defendant based only on "numerous" phone calls and the exchange of letters); First Nat'l Bank of Lewisville, Ark. v. First Nat'l Bank of Clinton, Ky., 258 F.3d 727, 729 (8th Cir. 2001) (court lacked personal jurisdiction over a nonresident bank with no office or other place of business in the forum state, was not registered to do business in the forum state, and did not solicit customers or accounts from residents of the forum state; bank's only contact with the resident bank/plaintiff was a cashier check made payable to two residents and telephone calls to the forum state about the proper endorsements of the check). Due process principles prohibit the exercise of personal jurisdiction over defendant Sweat because this cause of action does not "arise out of" or "relate to" his activities within the State of Missouri.

**Conclusion**.

For the foregoing reasons, the Court concludes that it lacks personal jurisdiction over defendant Sweat, and his motion to dismiss on that basis should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Donald L. Sweat's motion to dismiss for lack of personal jurisdiction is **GRANTED**. [Doc. 3]

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of December, 2005.